**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACQUELINE COUGHLIN-DAVIS | : | |
| 451 Chalfont Place | : | |
| Reading, PA 19606 | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| POTTSTOWN HOSPITAL LLC | : | |
| 1600 E High Street | : | |
| Pottstown, PA 19464 | : | |
| | : | |
| Defendant | : | |

**CIVIL ACTION COMPLAINT**

**I. Parties and Reasons for Jurisdiction.**

1.    Plaintiff, Jacqueline Coughlin-Davis, (hereinafter "Plaintiff" or "Ms. Coughlin-Davis") is an adult individual residing at the above address.

2.    Defendant, Pottstown Hospital LLC (hereinafter "Defendant" or "Pottstown Hospital") is a corporation organized and existing under the laws of Pennsylvania, with a principle place of business at the above address.

3.    At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4.    Ms. Coughlin-Davis exhausted her administrative remedies pursuant to the Equal Employment Opportunity.  (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5.    This action is instituted pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), and applicable federal and state laws.

6.       Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7.       Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this

district because Defendant conducts business in this district, and because a substantial part of the

acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

Ms. Coughlin-Davis was working for Defendant in the Eastern District of Pennsylvania at the

time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

8.       On or around April 14, 2014, Tower Health Pottstown Hospital hired Jacqueline

Coughlin-Davis as an Emergency Department Case Manager. Ms. Coughlin-Davis performed all

duties asked of her without any complaints or issues.

9.       Ms. Coughlin-Davis is a 70-year-old woman.

10.      On or around October 2021, Ms. Coughlin-Davis' director J.M. was re-assigned

to Phoenixville Hospital and the director position was posted.

11.      Ms. Coughlin-Davis applied for the director position.

12.      Ms. Coughlin-Davis was qualified for the director position because she had been

at Pottstown Hospital for seven-plus years, had excellent reviews, an MSN degree with a focus

on case management and she was certified as a case manager.

13.      Ms. Coughlin-Davis was qualified for the director position because she has thirty

years of experience in case management.

14.      Ms. Coughlin-Davis was qualified for the director position because she is certified

by the American Nurses Credentialing Center as a Board-Certified Case Manager.

15.      Ms. Coughlin-Davis had a brief screening interview for the position with the

Human Resources ("HR") coordinator in late October 2021.

16.     Ms. Coughlin-Davis did not hear from HR after that, even though she had followed up twice, requesting a call back each time.

17.      During a staff meeting in or around December 2021, it was announced that Tower Health Pottstown Hospital had hired an external candidate, C.B., who was much younger, 35 to 45 years old, with less experience, only ten years of experience, compared to Ms. Coughlin-Davis.

18.     At the time C.B. was hired, Ms. Coughlin-Davis still had not received an acknowledgment or status updates on her application.

19.     Upon information and belief, Ms. Coughlin-Davis was denied the director position based on her age.

20.     On January 26, 2022, Ms. Coughlin-Davis filed a Charge of Discrimination with the EEOC alleging violation of the ADEA.

21.     Ms. Coughlin-Davis was motivated to file the Charge of Discrimination with the EEOC because she was qualified for the director position and was denied the position due to her age.

22.     After Ms. Coughlin-Davis' filing of this charge, Defendant retaliated and increased its harassment towards Ms. Coughlin-Davis by subjecting her to increased scrutiny and singling her out for performance corrections when she was engaging in similar behavior as compared to her younger co-workers.

23.     After Ms. Coughlin-Davis filed her Charge of Discrimination with the EEOC, she was re-assigned to a different position and was told that she would be covering the Intensive Care Unit.

24.     However, Ms. Coughlin-Davis was not actually re-assigned to the ICU, but was assigned to work on every floor of the hospital.

25.     Ms. Coughlin-Davis' union representative was not informed of the meeting held to inform her of the transfer.

26.     Next, Ms. Coughlin-Davis' was placed on a 90-day performance plan ("PIP") by C.B.

27.     The reasons for the PIP were inaccurate and C.B. displayed a complete lack of understanding to Ms. Coughlin-Davis' job responsibilities in their following weekly meetings.

28.     The first three PIP meetings addressed productivity issues.

29.     C.B. did not understand that metrics from the Emergency Room ("ER") cannot be compared to floor case management metrics because the two areas are run completely differently.

30.     C.B. presented inaccurate information that Ms. Coughlin-Davis had conducted a phone conversation with a company representative in the hospitalist dictation room when she had answered the phone in the room and quickly took the call outside of the room on break time that Ms. Coughlin-Davis had saved in anticipation of the call.

31.     Ms. Coughlin-Davis was also cited for paying a bill from the work computer while her other co-workers often engaged in using hospital computer for brief, non-business functions.

32.     C.B. incompletely and inaccurately assessed Ms. Coughlin-Davis' performance in a floor case management role.

33.     Ms. Coughlin-Davis' had not performed in a floor case management role previously for Defendant.

34.     During each of Ms. Coughlin-Davis' PIP meetings, the vice president of nursing was present.

35.     In comparison, the vice president of nursing was not present during another nurse, Karyn Kahn's, PIP meetings.

36.     Ms. Kahn, who was also over the age of 40, resigned under pressure.

37.     Ms. Coughlin-Davis was "written up" for issues that other case managers were not.

38.     Ms. Coughlin-Davis was disciplined for not answering the department's voicemails, which caused a delay in acting on a Medicare Appeal.

39.     A younger, social worker, Alicia Collova also did not answer the office voicemails.

40.     Because of this, Ms. Collova had forced the patient to leave the hospital, possibly sending a fragile patient to an unsafe home environment.

41.     When C.B. was told about this, another social worker in the department, Vickie Budroni, overheard C.B. whisper to Ms. Collova, "let's just keep this quiet."

42.     The previous Director of Case Management, Julia, in her early 50's, was also demoted when a new, younger Director started in or around January 2022.

43.    On or around May 11, 2022, Ms. Coughlin-Davis resigned her employment because she was concerned about Defendant's work environment that was hostile to older workers and she was fearful that she would also be targeted and her employment terminated.

44.    The Defendant's age-based discrimination caused Ms. Coughlin-Davis to suffer an adverse employment action as Defendant's conduct and behavior was serious and tangible and negatively affected Ms. Coughlin-Davis' compensation, terms, conditions, or privileges of employment.

45.    Upon information and belief, a reasonable employee would have found Defendant's action to be materially adverse.

46.    As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

**III. Causes of Action.**

**COUNT I**
**ADEA CLAIM - DISCRIMINATION**
**(29 U.S.C. § 621 et seq.)**

47.    Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

48.    At set forth above, Plaintiff's status as a female over the age of forty (40) places her in a protected class.

49.    Defendant took adverse action against Plaintiff by subjecting her to discrimination and harassment on account of her age, and by forcing her to terminate her employment.

50.     Plaintiff's membership in a protected class, age, was the sole factor in Defendant's decision to force Plaintiff to terminate her employment.

51.     As such, Defendant's decision to force Plainitff to terminate her employment and discriminate against her on the basis of age when it failed to grant her a promotion, are actions prohibited by the Age Discrimination in Employment Act. 29 U.S.C.A. § 623(a)(1).

52.     The preceding paragraphs raise a reasonable inference that Plaintiff was subject to discrimination based on her age during her employment with Defendant.

53.     At all times, Plaintiff was qualified to perform the work for which she was interviewed by Defendant.

54.     Upon information and belief, Defendant did not hire Plaintiff to perform the job for which she applied, Defendant kept the job open after not hiring Plaintiff, and hired a younger employee to perform the job.

55.     As such, Defendant has violated the Age Discrimination in Employment Act, 29 U.S.C.A. § 621, *et seq*.

56.     The Defendant's age-based discrimination caused Plaintiff to suffer an adverse employment action as Defendant's conduct and behavior was serious and tangible and negatively affected her compensation, terms, conditions, or privileges of employment.

57.     Upon information and belief, a reasonable employee would have found Defendant's action to be materially adverse, intolerable and they would have felt forced to resign.

58.     As a direct and proximate result of Defendant's discrimination on the basis of age, Plaintiff sustained adverse employment action, including, but not limited to the following: great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings,

as well as emotional distress, humiliation, pain and suffering, personal injury damages, work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

59.    As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

60.    Pursuant to the ADEA, 29 U.S.C. § 621, et seq., Plaintiff demands attorneys' fees and court costs.

## COUNT II
## ADEA - RETALIATION
## 42 U.S.C.A. § 2000e-2(a)

61.    Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

62.    At set forth above, Plaintiff made complaints about age discrimination and harassing conduct in workplace and as such, Plaintiff was engaged in protected activity under the ADEA.

63.    Defendant took adverse action against Plaintiff by forcing her to terminate her employment.

64.    As set forth above, Plaintiff's participation in protected activity was the cause of Defendant's decision to force her to terminate her employment.

65.    As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the ADEA.

66.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional

distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff

has also sustained work loss, loss of opportunity, and a permanent diminution of earning

power and capacity and a claim is made therefore.

67.     As a result of the conduct of Defendant's management, Plaintiff demands punitive

damages.

68.     Pursuant to the ADEA, Plaintiff demands attorneys' fees and court costs.

**COUNT III**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**HOSTILE WORK ENVIRONMENT**

69.     Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

70.     At all times material hereto, and pursuant to the ADEA an employer may not

discriminate against an employee based on their age.

71.     Plaintiff is a qualified employee and person within the definition of the ADEA.

72.     Defendant is an "employer" and thereby subject to the strictures of the ADEA.

73.     As described above, Plaintiff, in the course and scope of her employment, was

subjected to a harassing and hostile work environment.

74.     Defendants failed to remedy the harassment despite actual or constructive

knowledge of the age-based discrimination occurring in the workplace.

75.     Defendants' conduct constitutes a violation of the ADEA.

76.     Defendant is the owner of Defendant's establishment and Plaintiff's place of

employment and is therefore liable in damages to Plaintiff for hostile work environment.

77.     As a proximate result of Defendants' conduct, Plaintiff sustained significant

damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as

personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

78.    As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

79.    Pursuant to the ADEA, Plaintiff demands attorneys' fees and court costs.

## COUNT III
## CONSTRUCTIVE DISCHARGE

80.    Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

81.    Defendant constructively discharged Plaintiff from her employment when it failed to prevent, and therefore condoned, severe and pervasive and outrageous age harassment and a related hostile work environment.

82.    Defendant also constructively discharged Plaintiff when it discriminated against Plaintiff on the basis of age when, during relevant time period, when it failed to promote her despite the fact that she had more experience than the younger, external candidate that it hired.

83.    The Defendant's age-based discrimination caused Plaintiff to suffer an adverse employment action as Defendant's conduct and behavior was serious and tangible and negatively affected Ms. Metzger's compensation, terms, conditions, or privileges of employment.

84.    Upon information and belief, a reasonable employee would have found Defendant's action to be materially adverse, intolerable and they would have felt forced to resign.

85.     As a direct and proximate result of Defendant's discrimination on the basis of age, Plaintiff sustained adverse employment action, including, but not limited to the following: great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages, work loss, loss of opportunity,  and a permanent  diminution  of earning  power and capacity  and a claim  is made therefore.

86.     Pursuant to the ADEA, 29 U.S.C.  § 621, et seq., Plaintiff demands attorneys' fees and court costs.

**COUNT IV**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**AGE DISCRIMINATION**
**43 P.S. § 955**

87.     Plaintiff incorporates all of the preceding paragraphs as if they were set forth at length herein.

88.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*., an employer may not discriminate against an employee based on the employee's age.

89.     At all times, Plaintiff was a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

90.     Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

91.     Defendant's conduct in forcing Plaintiff to terminate her employment is an adverse action taken because of her age, and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*.

92.    The preceding paragraphs raise a reasonable inference that Plaintiff was subject to discrimination based on her age during her employment with Defendant.

93.    The Defendant's age-based discrimination caused Plaintiff to suffer an adverse employment action as Defendant's conduct and behavior was serious and tangible and negatively affected Plaintiff's compensation, terms, conditions, or privileges of employment.

94.    Upon information and belief, a reasonable employee would have found Defendant's action to be materially adverse, intolerable and they would have felt forced to resign.

95.    As a direct and proximate result of Defendant's discrimination on the basis of age, Plaintiff sustained adverse employment action, including, but not limited to the following: great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages, work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

96.    As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

97.    Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, Plaintiff demands attorneys' fees and court costs.

**COUNT V**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS**
**ACT RETALIATION**
**(43 P.S. § 955)**

98.    Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

99.     As set forth above, Plaintiff complained about disparate treatment and age discrimination and as such, Plaintiff was engaged in protected activity under the Pennsylvania Human Relations Act.

100.    Defendant took adverse action against Plaintiff by subjected her to continued adverse employment action, harassment and forced her to terminate her employment.

101.    As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant's decision to force her to terminate her employment.

102.    As such, Defendant's decision to force Plaintiff to terminate her employment is a retaliatory action prohibited by the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

103.    As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

104.    Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

**WHEREFORE,** Plaintiff, Jacqueline Coughlin-Davis, demands judgment in her favor and against Defendant, Pottstown Hospital LLC, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost

wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost

benefits, lost future earning capacity, injury to reputation, mental and emotional

distress, pain and suffering

B.  Punitive damages;

C.  Attorneys' fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.


**LAW OFFICES OF ERIC A. SHORE, P.C.**


BY:_ _/s/Mary LeMieux-Fillery, Esq.                           ___
**MARY LEMIEUX-FILLERY, ESQUIRE** (PA I.D.
312785)
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Ph: 267-546-0132
Fx: 215-944-6124
*Attorney for Plaintiff, Jacqueline Coughlin-Davis*

Date:  03/14/2023

**VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

03/14/2023

(Date Signed)

Electronically Signed                                    2023-03-14 16:48:29 UTC - 70.44.206.1

Jacqueline Coughlin Davis

Nintex AssureSign®                                    ebe9e9bc-a4f8-490b-b14f-afc500ff764f

Jacqueline Coughlin-Davis